Argued and submitted August 2, 2006, reversed and remanded February 7, 2007

ISAAC S. HARDING,
*Appellant,*

*v.*

Guy HALL,
Superintendent,
Two Rivers Correctional Institution,
*Respondent.*

CV05-0495; A128595

152 P3d 987

Jesse Wm. Barton argued the cause and filed the brief for appellant.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge,* and Richardson, Senior Judge.**

PER CURIAM

* Wollheim, J., *vice* Linder, J.

** Richardson, S. J., *vice* Huckleberry, J. pro tempore.

## PER CURIAM

Petitioner appeals after the post-conviction court dismissed his petition *sua sponte* on the ground that it was not timely filed. Petitioner argues, among other things, that, because he filed his petition *pro se* and was not given a hearing, the trial court erred in dismissing his petition with prejudice. We agree with petitioner and reverse and remand.

The judgment dismissing the petition does not identify a source of authority for dismissal on the court's own motion. It is possible that the post-conviction court believed that it was entering judgment on a "meritless" petition pursuant to ORS 138.525. That statute provides:

"(1)   The court may, on its own motion or on the motion of the defendant, enter a judgment denying a meritless petition brought under ORS 138.510 to 138.680.

"(2)   As used in this section, 'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.

"(3)   Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable.

(4)   *A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel.*"

(Emphasis added.) Here, petitioner was not represented by counsel, and he was not given a hearing. Accordingly, even if this were a "meritless" petition within the meaning of ORS 138.525, that statute does not authorize a dismissal *sua sponte* of the petition *with prejudice.*

Defendant does not provide us with, and we are not aware of, any authority that would permit the post-conviction court to dismiss this petition with prejudice on its own motion. He has alleged that his petition is timely under ORS 138.510(3). Under those circumstances, petitioner was entitled to a hearing on the timeliness of his petition.

Reversed and remanded.